STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CHRIS KALTSAS (NYBN 5460902)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7234
    Email: chris.kaltsas2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALL FUNDS AND CRYPTOCURRENCY IN A FINANCIAL ACCOUNT AT NEXO, HELD IN THE NAME OF NICHOLAS PERZICHILLI, ASSOCIATED WITH FINANCIAL ACCOUNT NUMBER, 0x1cB246dB528Bfe9cE78779fF8E7E1f5c0E99eE48, <br><br> Defendant. | CASE NO. <br><br> **VERIFIED COMPLAINT FOR CIVIL FORFEITURE *IN REM*** |

The United States of America, by its attorneys, Stephanie M. Hinds, Acting United States Attorney, and Chris Kaltsas, Assistant United States Attorney for the Northern District of California, brings this complaint and alleges as follows:

COMPLAINT FOR CIVIL FORFEITURE    1

**NATURE OF THE ACTION**

1. This is a judicial forfeiture action *in rem*, as authorized by Title 18, United States Code, Sections 981(a)(1)(C) and 983.

2. This Court has jurisdiction under Title 18, United States Code, Section 981; and Title 28, United States Code, Sections 1345 and 1355, as the Defendant Property constitutes or is derived from proceeds obtained, directly or indirectly, from a violation of Title 18, United States Code, Sections 1343 and 1344.

3. This action is timely filed in accordance with Title 18, United States Code, Section 983.

4. Venue is proper because the defendant currency represents the proceeds of a crime that may be prosecuted in the Northern District of California. See Title 28, United States Code, Sections 1355(b) and 1395(a)-(c).

5. Intra-district venue is proper in the San Francisco division within the Northern District of California.

**PARTIES**

6. Plaintiff is the United States of America.

7. The Defendant Property includes:

   a. All funds and cryptocurrency in a financial account at Nexo, held in the name of Nicholas Perzichilli, associated with financial account number 0x1cB246dB528Bfe9cE78779fF8E7E1f5c0E99eE48 ("the Defendant Property").

**FACTS**

8. On July 20, 2018, a financial account was opened under the name Nicholas William PERZICHILLI at Coinbase, Inc. ("Coinbase"), a money services business specializing in the sale and trading of cryptocurrencies. PERZICHILLI was confirmed as the account holder through the upload of government-issued identification documents, which Coinbase requires per the United States' Know Your Customer ("KYC") regulations. No significant account activity occurred until November 7, 2020 when a password reset was completed by confirming the two-factor authentication code that was sent via text message to PERZICHILLI's cell phone number, which was listed on his Coinbase profile.

COMPLAINT FOR CIVIL FORFEITURE         2

9. On or about December 2020, three verified Comerica Bank business savings accounts were linked to the PERZICHILLI Coinbase account. The bank accounts linked to the Coinbase account were verified by Plaid, a technology platform that enables Coinbase to link to users' bank accounts by requiring the Coinbase user to input the bank account holder's login credentials for their banking institutions. PERZICHILLI would thus have been required to provide the credentials to log in to his bank accounts in order to link his Coinbase account to the bank accounts used to fund his cryptocurrency trading.

10. The three bank accounts connected to PERZICHILLI's Coinbase profile were:

    a. One Comerica Bank savings account, bearing an account number ending in 0869, in the name of SOCIALLITY ACCESS NOW.

    b. One Comerica Bank savings account, bearing an account number ending in 0745, in the name of PACIFIC EMPIRE FINANCIAL GROUP; and

    c. One Comerica Bank savings account, bearing an account number ending in 1602, in the name of WELLNESSITY2.

(collectively, "the Comerica accounts").

11. Between December 27, 2020 and February 24, 2021, PERZICHILLI deposited funds onto Coinbase from the Comerica accounts for the purpose of purchasing cryptocurrency which, at the time of purchase, was valued at $836,927. These purchases ultimately resulted in a $283,900 loss to Coinbase because, as described below, PERZICHILLI fraudulently reversed some transfers of funds to his Coinbase account despite engaging in these transactions on his personal devices, per records provided by Coinbase.

12. Between December 27, 2020 and January 24, 2021, PERZICHILLI made transfers of currency totaling $412,413 from the Comerica accounts to Coinbase for purposes of purchasing cryptocurrency. This currency was used to purchase Ethereum, one of many cryptocurrencies available for purchase on Coinbase. Between January 19, 2021 and January 25, 2021, four transfers totaling $422,501 (reflecting the increasing value of Ethereum at the time) were sent from Coinbase to one

external Ethereum wallet,[1] later identified as the Defendant Property at Nexo. 29 of the 32 purchases were later reversed by Comerica Bank as unauthorized transactions. The remaining three purchases were reversed due to insufficient funds.

13. Comerica Bank reverses unauthorized transfers of funds based on the consent and confirmation of the holder of a bank account. The holder of the Comerica accounts at the time of transfer and at the time of reversal was PERZICHILLI, as his profile (confirmed to belong to PERZICHILLI per his identification) used a service that authenticated his control over those accounts.

14. The only communication that support staff at Coinbase received from PERZICHILLI was a December 26, 2020 email where he inquired on the daily limit for bank transfers and how to wire funds into his Coinbase account. No account compromising activity was identified (i.e., password reset, email address change, phone number update) that would indicate that PERZICHILLI did not have control of the account at any time.

15. Internet Protocol address activity for PERZICHILLI's Coinbase account confirms activity was traceable to 15 residential IP addresses geolocated to Switzerland and 31 IP addresses attributed to Virtual Private Networks.

16. At all times relevant to the fraudulent reversal activity, PERZICHILLI resided and conducted business in Switzerland.

17. Device activity analysis of PERZICHILLI's Coinbase account confirms the use of only three devices for all activity on the account despite the variety of IP addresses. The primary device used for the transactions, associated with identification number 7EE07A78-724E-4C41- 9731-649329F09C00 per Coinbase records, was used for the majority of the activity. Identification numbers for the secondary devices used to conduct these transactions, per Coinbase records, include A62d41714982da912c806348a797e66c, and 4e8b5e0130de463b00a38a7597c034d. All three devices were used in conjunction with both the Switzerland IP addresses and VPN IP addresses noted above.

---

[1] Coinbase and Nexo accounts can be associated with numerous "wallets," each associated with a different type of currency. By way of example, one Coinbase account could have a wallet associated with U.S. Dollars; one associated with Bitcoin; and another associated with Ethereum.

COMPLAINT FOR CIVIL FORFEITURE                4

18. With respect to transaction activity, Coinbase and law enforcement observed 32 separate deposits into PERZICHILLI's U.S. Dollar wallet on Coinbase using funds from the Comerica accounts totaling approximately $412,413. PERZICHILLI subsequently purchased Ethereum using these funds, and then sent four transfers of said Ethereum to one external address, which represents the Defendant Property, between January 19, 2021 and January 25, 2021 in amounts totaling 305.3754421 ETH (worth approximately $422,500 at the time of transfer). Blockchain transaction analysis[2] conducted by law enforcement indicates that the Ethereum was sent to the cryptocurrency exchange Nexo, which is located in London, United Kingdom. The funds were specifically deposited in the Defendant Property.

19. Between January 20, 2021 to February 24, 2021, the funds used in connection with the 32 purchases of cryptocurrency referenced above were returned from Coinbase to the Comerica accounts based on various fraud codes inputted into the Automated Clearinghouse, a system through which bank customers can transfer funds to each other and third parties. Three transactions between January 20, 2021 and January 27, 2021 showed an ACH code of R01 (Insufficient Funds). 29 transactions between January 27, 2021 and February 24, 2021 showed an ACH code of R10 (Customer Advises Not Authorized). The R10 code indicates that the customer (PERZICHILLI) indicated to the bank that the transfer of funds was unauthorized. Coinbase and law enforcement observed that PERZICHILLI reversed some transactions to Coinbase and chose not to reverse others, despite the fact that all of these transactions occurred close in time and from the same devices.

20. Perzichilli either ordered or allowed the bank to reverse the payments he made to Coinbase and claimed that the reason for the reversal was that the initial transactions funding the Coinbase account were unauthorized. In reality, Perzichilli appeared to authorize these transactions, and then structure the bank reversal in such a way as to keep the cryptocurrency he had purchased from Coinbase while fraudulently depriving Coinbase of the value of the cryptocurrency he purchased.

21. Coinbase was able to recover some of the fraudulently reversed funds by liquidating cryptocurrency that PERZICHILLI kept in his Coinbase account, as those funds were part of the funds reversed from PERZICHILLI's Coinbase account. Coinbase nevertheless suffered a loss of $283,493.40

---

[2] Blockchain analysis is a method of tracing transfers of cryptocurrency between cryptocurrency addresses.

COMPLAINT FOR CIVIL FORFEITURE                 5

as funds that Coinbase paid to PERZICHILLI's bank after receiving the reversals but were unable to recoup from PERZICHILLI's Coinbase cryptocurrency holdings. The funds were unrecoverable because PERZICHILLI moved substantial amounts of the Ethereum he had fraudulently obtained to the Defendant Property at Nexo, and the transfer of Ethereum to the Defendant Property was, like most cryptocurrency transfers, irreversible.

22. Prior to engaging in this scheme, PERZICHILLI held no funds at Nexo, including the Defendant Property, or his Coinbase account.

**CLAIM FOR RELIEF**

23. The United States incorporates by reference the allegations in paragraphs 1 through 22 as though fully set forth herein.

24. Title 18, United States Code, Section 1343 prohibits individuals from devising or intending to devise any scheme or artifice to defraud, and from obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits, or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

25. Title 18, United States Code, Section 1344 prohibits individuals from defrauding a financial institution, or obtaining any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

26. Title 18, United States Code, Section 981(a)(1)(C) provides, in relevant part, for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense determined to be a "specified unlawful activity."

27. A violation of Title 18, United States Code, Section 1343 is a specified unlawful activity pursuant to Title 18, United States Code, Section 1961(1)(B), which incorporates specified unlawful activities by Title 18, United States Code, Section 1957(c)(7)(A) and through Title 18, United States Code, Section 981(a)(1)(C).

28. A violation of Title 18, United States Code, Section 1344 is a specified unlawful activity pursuant to Title 18, United States Code, Section 981(a)(1)(C).

29. In light of the foregoing, and considering the totality of the circumstances, there is probable cause to believe that the Defendant Property represents proceeds property, real or personal, which constitutes or is traceable to one or more specified unlawful activities, as defined in Title 18, United States Code, Section 981(a)(1)(C). The Defendant Property is thus subject to forfeiture under Title 18, United States Code, Section 981(a)(1)(C).

*****

WHEREFORE, plaintiff United States of America requests that due process issue to enforce the forfeiture of the above listed Defendant Property; that notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment of forfeiture be entered; that the Court enter a judgment forfeiting the Defendant Property; and that the United States be awarded such other relief as may be proper and just.

DATED: August 26, 2021                        Respectfully submitted,

                                              STEPHANIE M. HINDS
                                              Acting United States Attorney


                                              _____/s/_____
                                              CHRIS KALTSAS
                                              Assistant United States Attorney

COMPLAINT FOR CIVIL FORFEITURE            7

## VERIFICATION

I, Conan C. Beach, state as follows:

1. I am a Special Agent with Homeland Security Investigations, U.S. Department of Homeland Security. I am an agent assigned to this case. As such, I am familiar with the facts and the investigation leading to the filing of this Complaint for Forfeiture.

2. I have read the Complaint and affirm that the allegations contained therein are true.

\* \* \* \* \*

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25th day of August, 2021, in Orlando, Florida, United States of America

*(signature)*
Conan C. Beach
Special Agent
Homeland Security Investigations

COMPLAINT FOR CIVIL FORFEITURE                1